United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
James T. Maines, Jr.
    Debtor

Case No. 12-11052-mdc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 2     Date Rcvd: Oct 20, 2017
                       Form ID: 3180W     Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 22, 2017.
```
db             +James T. Maines, Jr.,    139 S. Woodbine Avenue,    Langhorne, PA 19047-2549
12815113       +CAPITAL ONE BANK (USA), N.A.,    by PRA Receivables Management, LLC,    PO Box 12907,
                 Norfolk VA 23541-0907
12854347        JPMorgan Chase Bank, N.A.,    c/o Five Lakes Agency, Inc.,    P.O. Box 80730,
                 Rochester, MI  48308-0730
12816717        Nationstar Mortgage, LLC,    P.O. Box 829009,    Dallas, TX 75382-9009
12851816       +U.S. BANK NATIONAL ASSOCIATION, et al,    PENNSYLVANIA HOUSING FINANCE AGENCY,
                 211 NORTH FRONT STREET,    HARRISBURG, PA 17101-1406
12864361       +Young Klein & Associates,    3554 Hulmeville Rd, Suite 102,    Bensalem PA 19020-4366
12774038       +phila gas works,    800 w montgomery ave,3f,    phila pa 19122-2898,    attn: bankruptcy unit
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Oct 21 2017 01:41:32     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 21 2017 01:40:35
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 21 2017 01:41:29     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13642035       +E-mail/Text: bankruptcy@phila.gov Oct 21 2017 01:41:32
                 CITY OF PHILADELPHIA, LAW DEPARTMENT  TAX UNIT,    BANKRUPTCY GROUP, MSB,
                 1401 JOHN F. KENNEDY BLVD., 5TH FLOOR,    PHILADELPHIA, PA 19102-1640
12680304       +E-mail/Text: bankruptcy@cavps.com Oct 21 2017 01:41:23     Cavalry Portfolio Services, LLC,
                 500 Summit Lake Drive Suite 400,    Valhalla, NY 10595-2322
12864359        E-mail/Text: bankruptcy@phila.gov Oct 21 2017 01:41:32     City of Phila Law Department,
                 1515 Arch Street, 15th Floor,    Philadelphia, PA 19102-1595,    Attn: Bankruptcy Department
12813573        EDI: RESURGENT.COM Oct 21 2017 01:33:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of FNBM,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
12805282        EDI: RESURGENT.COM Oct 21 2017 01:33:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of Bank of America,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
13093510       +E-mail/Text: csidl@sbcglobal.net Oct 21 2017 01:41:29     Premier Bankcard/ Charter,
                 P.O. Box 2208,    Vacaville, CA 95696-8208
12751910        EDI: ECAST.COM Oct 21 2017 01:28:00      eCAST Settlement Corporation, assignee,
                 of FIA Card Services aka Bank of America,    POB 29262,    New York, NY 10087-9262
                                                                                              TOTAL: 10

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 22, 2017                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 19, 2017 at the address(es) listed below:
```
              ANDREW F GORNALL    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION, et al
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              ANN E. SWARTZ    on behalf of Creditor    NATIONSTAR MORTGAGE LLC ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              ELLIS B. KLEIN    on behalf of Debtor James T. Maines, Jr. ykassoc@gmail.com, ykaecf@gmail.com,
               ebklein.ykabk@gmail.com,paullawyers@gmail.com,pyoung@ykalaw.com
              JACQUELINE M. CHANDLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              KARINA  VELTER    on behalf of Creditor    NATIONSTAR MORTGAGE LLC amps@manleydeas.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Oct 20, 2017
                              Form ID: 3180W           Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          LEON P. HALLER   on behalf of Creditor   Pennsylvania Housing Finance Agency lhaller@pkh.com, dmaurer@pkh.com;mgutshall@pkh.com

          LEON P. HALLER   on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION, et al lhaller@pkh.com, dmaurer@pkh.com;mgutshall@pkh.com

          PAMELA ELCHERT THURMOND   on behalf of Creditor   City of Philadelphia pamela.thurmond@phila.gov, james.feighan@phila.gov

          PAUL H. YOUNG   on behalf of Debtor James T. Maines, Jr. support@ymalaw.com, ykaecf@gmail.com, paullawyers@gmail.com,pyoung@ymalaw.com

          THOMAS I. PULEO   on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION, et al tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com

          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov

          WILLIAM C. MILLER, Esq.   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com

          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com, philaecf@gmail.com

          TOTAL: 13

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **James T. Maines Jr.** <br> First Name   Middle Name   Last Name | Social Security number or ITIN **xxx–xx–9838** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | | |
| Case number: **12–11052–mdc** | | |

# Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

James T. Maines Jr.

10/19/17  **By the court:**  Magdeline D. Coleman
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**